1
2
3
4
5
6
7                                                                    **JS-6**
8
              **UNITED STATES DISTRICT COURT**
9
              **CENTRAL DISTRICT OF CALIFORNIA**
10
                      **WESTERN DIVISION**
11
12
| COACHELLA MUSIC FESTIVAL, LLC, | Case No.: 2:24-cv-00537-FMO (AJRx) |
|---|---|
| Plaintiff, | **ORDER ENTERING PERMANENT INJUNCTION AND FINAL JUDGMENT** |
| v. | |
| SAFETY SHOT, INC., | Hon. Fernando M. Olguin |
| Defendant. | |

The Court, having read and considered the stipulation of the parties and the record in this case, and good cause appearing, **ORDERS** that the stipulation is hereby **APPROVED.**

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the parties and the subject matter of the above-captioned action ("Action").

2. Plaintiff, together with its affiliates, owns and operates the Coachella Valley Music and Arts Festival (the "Coachella Festival").

3. Plaintiff owns and has asserted in this Action the following trademarks and service marks, which are used in connection with Plaintiff's Coachella Festival and other goods and services: COACHELLA VALLEY MUSIC AND ARTS FESTIVAL; COACHELLA; COACHELLA (stylized); and CHELLA (collectively, "Plaintiff's Marks"). Plaintiffs' Marks are valid and enforceable.

4. Plaintiff provides different categories of passes to the Coachella Festival, including public and non-public passes. Each pass for their festivals is typically a vehicle hang tag or a credential worn as a wristband by the user and is subject to the terms of use ("Credential Terms") available at https://www.aegpresents.com/festival-ticket-terms/. The Credential Terms are valid and enforceable.

5. Without authorization, Defendant used one or more of Plaintiff's Marks in one or more press releases or similar media circulated to the public with respect to promoting one or more of Defendant's goods or services, such as a product Defendant calls "Safety Shot," including a press release issued on January 3, 2024 that discussed "[Defendant's] inaugural brand activation with 'Safety Shot House' at the Coachella Valley Music and Arts Festival on April 12 – 14, 2024," "The Safety Shot House Coachella experience," "a giveaway for consumers to win a chance to attend this extraordinary event during Coachella's opening weekend," and Safety Shot's "exposure at Coachella," among other statements ("Defendant's Public Statements"). Defendant's Public Statements have created a false association with and an implication of a sponsorship relationship with

Plaintiff and its Coachella Festival when no such association or sponsorship relationship exists.

6. As shown above, Defendant has also indicated in one or more of Defendant's Public Statements that it will conduct a giveaway for consumers to win passes to attend the Coachella Festival, which is in violation of the Credential Terms.

7. As a result of Defendant's conduct, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to a permanent injunction.

8. Accordingly, **IT IS FURTHER ORDERED** that, Defendant and its officers, agents, servants, employees, and attorneys, as well as all other persons who are in active concert or participation with any of them, who receive actual notice of this order are hereby enjoined and restrained from:

   a. Using in any manner Plaintiff's Marks or any confusingly similar variation thereof absent Plaintiff's prior written consent;

   b. Taking any action so as to create any impression that any association, affiliation, or sponsorship exists between them and Plaintiff or Plaintiff's affiliates;

   c. Conducting or sponsoring any kind of an event, including but not limited to the one announced in Defendant's Public Statements as the "Safety Shot House," within 100 miles of the Coachella Festival during the month of April;

   d. Selling, donating, or providing any of Defendant's products to any third party that plans to host, conduct, produce, or sponsor any kind of public and/or private event within 100 miles of the Coachella Festival during the month of April;

   e. Offering or attempting to offer to buy, sell, trade, giveaway or transfer, or soliciting the purchase, sale, trade, giveaway, or transfer of, any pass entitling access to the Coachella Festival;

   f. Advertising or publishing any offer to purchase, sell, trade, giveaway, or

3

transfer passes entitling access to the Coachella Festival;

    g. Violating the Credential Terms, or attempting to induce any individual or party to violate the Credential Terms, that attach to passes to the Coachella Festival;

    h. Participating in, aiding, or inducing, or attempting to participate in, aid, or induce, any effort by any person to trespass or gain unauthorized entry into any part of the Coachella Festival;

    i. Making any false or misleading statements regarding Plaintiff or the Coachella Festival, including regarding Defendant's access to the event;

    j. Engaging in any unfair competition with Plaintiff; and

    k. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities restricted by subparagraphs (a)-(j), above.

9. It is further **ORDERED** that final judgement is entered for Plaintiff on all claims asserted in the Action.

10. Except as otherwise agreed in a private settlement agreement between the parties, each party shall bear its own costs, expenses, and attorneys' fees.

11. This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction.

**IT IS SO ORDERED.**

Dated: March 4, 2024

                                                                _____/s/_____
                                                                 Fernando M. Olguin
                                                                 United States District Judge